# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BARTON D. GAMBLE,

                Petitioner,      :      Case No. 3:15-cv-233

   - vs -                                District Judge Thomas M. Rose
                                            Magistrate Judge Michael R. Merz

TERRY TIBBALS, Warden,
 London Correctional Institution,

                                    :

                Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Gamble was convicted of two counts of rape and one count of kidnapping in the Montgomery County Common Pleas Court on January 25, 2013. He was then sentenced to eleven years imprisonment which he is serving in Respondent's custody. He appealed to the Second District Court of Appeals which affirmed the conviction. *State v. Gamble*, 2014-Ohio-1277, 2014 Ohio App. LEXIS 1208 (2nd Dist. 2014).[1] The Supreme Court of Ohio declined further review. *State v. Gamble,* 139 Ohio St. 3d 1431 (2014).

Gamble then timely filed his Petition for writ of habeas corpus in this Court, pleading

---

[1] References hereinafter to "*State v. Gamble*" are to this decision.

1

three grounds for relief as follows:

> **Ground One:** The Tenth[2] District Court of Appeals decision violated Petitioner's Right to Due Process
>
> **Supporting Facts:** Petitioner's asserts that the tenth District Court of appeals decision to allow the trial court's decision to stand, that clearly committed prejudicial error violated Due Process in this case, as a result of the Manifest Weight of the Evidence. In Present case, the Jury clearly lost its way as Petitioner admitted that he had sex with the victim in this case. The evidence and testimony of with witnesses all demonstrated the evidence was against the manifest weight of the evidence in case. The Jury clearly lost its way when the Jury ask the question: Could they see the Sane nurse testimony, which clearly demonstrated that the Jury lost its way in this case.
>
> **Ground Two:** Ineffective Assistance of Trial Counsel
>
> **Supporting Facts**: Petitioner asserts that the Tenth District Court of Appeals decision was Contrary to Well Established Federal Law, based on trial counsel(s) deficiency at trial, by failing to object at trial to State's repeated references to Petitioner's status as a recipient of the public assistance: The trial court failed to object to the re-play of the testimony of the State's expert during deliberations and other errors which alone or cumulatively demonstrate trial counsel's ineffectiveness.
>
> **Ground Three:** Conviction obtained by a violation of Due process without properly satisfying the standards for Expert Testimony.
>
> **Supporting Facts:** The Sane Nurse was allowed to testify to the guilt or innocence of petitioner without properly satisfying the standards for expert testimony in this case. The Tenth District Court of Appeals decision was unreasonable to consider the [SANE] nurse as an "expert witness" without properly considering the factors in the Rules of Evidence 703. Petitioner asserts this violation was Contrary to Well Established Federal and State Laws. In this case, the trial Courts error created prejudice and affected Petitioner's Constitutional Right to a fair trial and Equal Protection of the Law. Therefore the testimony of the [SANE] nurse in this case was erroneously admitted, when the nurse was not properly determined to be an "Expert witness" Petitioner

---

[2] Gamble refers to the Tenth District Court of Appeals. However, appeals from the Montgomery County Common Pleas Court are taken to the Second District Court of Appeals as Gamble acknowledges at Doc. No. 1, PageID 2, ¶ 9.

> asserts nurse Kinley testimony was based on Unreliable, Scientific, technical or other specialized information that would have been required to be consider a expert testimony in this case. The decision of the Tenth District was Contrary to well established Federal Law and Contrary thereof.

(Petition, Doc. No. 1, PageID 4.)

# Analysis

**Ground One:  Conviction is Against the Manifest Weight of the Evidence**

In his First Ground for Relief, Gamble asserts his conviction is against the manifest weight of the evidence.  This does not state a claim upon which relief can be granted in federal habeas corpus.

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A weight of the evidence claim is not a federal constitutional claim.  *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

In *State v. Thompkins,* 78 Ohio St. 3d 380 (1997)*,* the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review on

the claim that the conviction is against the manifest weight of the evidence.   It held:

> In essence, sufficiency is a test of adequacy.  Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.  *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.  Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence.  *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149.  Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.  It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them.  Weight is not a question of mathematics, but depends on its effect in inducing belief."  (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony.  *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

*Id*. at at 387.  In *State v. Martin*, 20 Ohio App. 3d 172 (1st App. Dist. 1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader.  The

4

> court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. …

*Id.* at ¶3 of the syllabus. The consequences of the distinction are important for a criminal defendant. The State may retry a case reversed on the manifest weight of the evidence; retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy Clause. *Tibbs v. Florida*, 457 U.S. 31, 41 (1982).

A state court finding that the verdict is not against the manifest weight of the evidence implicitly also holds that there is sufficient evidence. *Nash v. Eberlin,* 258 Fed. Appx. 761, 2007 U.S. App. LEXIS 29645 (6th Cir. Dec. 14, 2007); *Ross v. Miller*, 2011 U.S. Dist. LEXIS 65082 (N.D. Ohio May 10, 2011)(White, M.J.); *Hughes v. Warden,* 2011 U.S. Dist. LEXIS 54131 (S.D. Ohio Apr. 27, 2011)(Merz, M.J.).

Because Gamble's manifest weight claim does not state a claim of federal constitutional violation it should be dismissed.

**Ground Two: Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief, Gamble claims he received ineffective assistance of trial counsel when his attorney did not object to repeated references to his status as a recipient of public assistance or to the replaying of the SANE nurse's testimony during jury deliberations. In his Supplement Brief, he adds a claim that counsel should have objected to leading questions and that counsel should have objected to the nurse's initial testimony.

A claim of ineffective assistance of trial counsel was presented to the Second District

5

Court of Appeals which it decided as follows as to the sub-claims that Gamble pursues here:

### A. The Claim for Ineffective Assistance of Counsel

[*P23]  The second assignment of error alleges that Gamble was denied the effective assistance of trial counsel. The Sixth Amendment gives a criminal defendant "'the right to the effective assistance of counsel.'" *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), quoting *McMann v. Richardson*, 397 U.S. 759, 771, fn. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). An ineffective-assistance-of-counsel claim has two elements. "First, the defendant must show that counsel's performance was deficient." *Id*. at 687. "[T]he proper standard for attorney performance is that of reasonably effective assistance." (Citations omitted.) *Id*. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-688. "Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687. Gamble contends that the cumulative effect of eight of his trial counsel's failures to object amount to deficient performance that prejudiced the defense.

[*P24]  First, Gamble contends that counsel should have objected to the prosecutor's repeated use of leading questions. "A leading question is 'one that suggests to the witness the answer desired by the examiner.'" *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565 at ¶ 149, quoting 1 McCormick, *Evidence*, Section 6 (5th Ed.1999). Gamble gives one example, which occurred during A.'s direct examination:

Q The only monies that were talked about were the initial 500 to help you—

A Yes.

Q —and then on the back end, a thousand to shut you up, I guess?

A Yes.

(Tr. 196-197). These questions are not leading. The prosecutor was merely restating A.'s earlier testimony:

A * * * He [Gamble] then said that he wanted to offer me $1,000.00 not to say anything.

* * *

Q Okay. So now there's another offer of money to you—

A Yes.

Q —for $1,000 to keep quiet?

A Yes.
(Tr. 182).

 [*P25]  Gamble cites no other question that he alleges is leading.

 [*P26]  Second, Gamble contends that counsel should have objected to Kinley's testimony about the superficial tears in A.'s perineal area. Gamble contends that the testimony is irrelevant because he was on trial for rape, which requires penetration. The perineum, he points out, is not a penetrable opening. The testimony is relevant. Penetration was not really an issue at trial, since Gamble admitted that he had sex with A.. The primary issue was whether the sex was by force or threat of force. Kinley testified that these kinds of tears are often the products of blunt force to the perineal area and are injuries consistent with sexual assault. The testimony is relevant to the issue of force.

[Gamble's third, fourth, fifth, and sixth claims made in state court are not pursued here.]

 [*P33]  Seventh, Gamble contends that counsel should have objected when the prosecutor asked him about using his subsidized apartment for storage. Gamble testified that he had moved out of the apartment but still had a five-month lease on it that he did not want to break. He was living in a large Centerville house and decided to downsize, Gamble said, so he bought a smaller house in Huber Heights. The smaller house could not fit all of the stuff in the large house, so he stored some of it in the apartment. The prosecutor then said, "so you were basically using this government subsidized-taxpayer funded apartment for people to live, you were just using it as a storage facility?" (Tr. 530). Gamble says that the prosecutor's question was highly prejudicial and irrelevant. Even if the question concerned an irrelevant matter, we do not think that it resulted in prejudice. In light of all the evidence, the absence of

>this one statement would not have caused the jury to find him not guilty.
>
>[*P34]  Lastly, Gamble contends that counsel should not have agreed to let the jury read all of Kinley's testimony because this gave undue weight to one witness's damaging testimony. "It is well settled that a trial court, upon a request from the jury, 'may cause to be read all or part of the testimony of any witness.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶123, quoting *State v. Berry*, 25 Ohio St.2d 255, 267 N.E.2d 775 (1971), paragraph four of the syllabus. Gamble fails to convince us that, in this case, the jury should not have been allowed to rehear the testimony. Given that the law allowed it, we cannot say that counsel's agreement was unreasonable. We note too, as the state points out, that the record does not indicate whether the jury actually decided to re-hear Kinley's testimony. So any claim of prejudice is "purely speculative." *Id*.
>
>[*P35]  The ineffective-assistance-of-counsel claim fails.
>
>[*P36]  The second assignment of error is overruled.

*State v. Gamble, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

As the Second District recognized, the leading case setting the standard for ineffective assistance of trial counsel is *Strickland v. Washington,* 466 U.S. 668 (1984), where the Supreme Court held:

>A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence

8

> has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id*. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S. 111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

*Id*. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987).  *See generally* Annotation, 26 ALR Fed 218.

9

Nothing in Judge Hall's opinion for the Second District is contrary to or an objectively unreasonable application of *Strickland* or any of its progeny. Specifically, it is not deficient performance for an attorney to fail to raise a leading question objection when the question is not leading. Nurse Kinley's testimony about tears in the perineum is relevant because force is an issue in a rape case and it was not therefore deficient performance to fail to object to that testimony. Questions about Gamble's use of a tax-subsidized housing unit for storage were relevant to his credibility, since he had taken the witness stand. In any event, an objection would likely have drawn the jury's attention to the issue. Finally, the law permits a jury to re-hear all or part of a witness' testimony in the judge's discretion and there is no showing of prejudice from defense counsel's agreement on the portion to be read.

Based on this review of the Second District's decision, the Second Ground for Relief should be dismissed.

**Ground Three:  Denial of Due Process by Use of Improper Expert Testimony**

In his Third Ground for Relief, Gamble claims that Nurse Kinley was not properly qualified as an expert witness and it therefore violated his due process rights to permit her to testify against him as she did.

A claim about Nurse Kinley's expert witness status was also presented on direct appeal and decided as follows:

> **[*P37]**  The third assignment of error alleges that the trial court erred by permitting Kinley to testify as an expert. Gamble focuses on Kinley's testimony about A.'s perineal area injuries, contending that this testimony does not satisfy the Evid.R. 702 standard for expert testimony. [Footnote omitted.]

10

**[\*P38]** Gamble says that Kinley's "failure to demand that the 'white vaginal discharge' exhibited by [the victim] be tested for diagnosis and causation refutes any contention that Nurse Kinley's testimony was 'based on reliable, scientific, technical or other specialized information.' [Evid.R. 702(C)(1).] Thus, she eschewed the opportunity to employ available scientific methods and so was not performing as an 'expert' in this matter." (Appellant Brief, 25). Contrary to Gamble's assertion, Kinley testified that she swabbed the discharge and that the swab was sent away for testing. The examination was Kinley's focus; the results of the testing were not her concern. That she did not seek out the results says nothing about her rape-examination expertise.

**[\*P39]** The state did not formally offer Kinley as an expert, nor did the trial court explicitly determine whether she qualified as an expert.[Footnote omitted.] Typically, "[p]ursuant to Evid.R 104(A), the trial court determines whether an individual qualifies as an expert \* \* \*." (Citation omitted.) *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 114. But if there is no challenge to an expert's qualifications, all but plain error is waived. *Id*. (saying that "[w]hile the state never formally tendered Lambert as an expert, defense counsel never challenged his qualifications to testify and thus waived all but plain error"). Gamble did not object to Kinley's qualifications, so he waived all but plain error.

**[\*P40]** We see no plain error here. The prosecutor asked Kinley about her training and experience. Kinley said that she is certified as a sexual assault nurse examiner. To get this certification, she took specialized training, which included a 40 hour training course, and to keep the certification, she participates in ongoing training and does case reviews. Kinley has been certified for 15 years and has been doing rape examinations for 21 years. On average, she does around 10 examinations each year. Kinley has testified in other cases about sexual assaults and examining sexual-assault victims. And in one case, in which Kinley did not examine the victim, she was specifically declared an expert witness.

**[\*P41]** Kinley's training and experience qualify her to testify at trial about sexual assault examinations and injuries. *Compare State v. Hartman*, 93 Ohio St.3d 274, 286, 2001 Ohio 1580, 754 N.E.2d 1150 (2001) (no plain error; the expert's experience qualified him to testify); *State v. Baston*, 85 Ohio St.3d 418, 423, 1999 Ohio 280, 709 N.E.2d 128 (1999) (no plain error; the expert's experience and certifications qualified her to testify).

[*P42]  The third assignment of error is overruled.

*State v. Gamble, supra.*

The Second District's opinion demonstrates that Gamble's Third Ground for Relief must also be dismissed.  First of all, he did not present the claim to the Ohio courts as a constitutional claim, but rather as a claim under the Ohio Evidence Rules.  In order to be preserved for merit review in federal court, a constitutional claim must first be fairly presented to the state courts. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).  As noted above, this Court can only consider federal constitutional claims; it cannot review the Ohio court's application of the Ohio rules of Evidence.

Secondly, Gamble procedurally defaulted any claim he had that admission of Kinley's testimony was improper because his attorney failed to object and the Second District reviewed the claim only for plain error.

Ohio's contemporaneous objection rule is an adequate and independent state ground. *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac*, 456 U.S. 107, 124-29 (1982).

Reservation of authority to review in exceptional circumstances for plain error is not sufficient to constitute application of federal law.  *Cooey v. Coyle,* 289 F.3d 882, 897 (6th Cir. 2002); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000).  A state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,*

440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

Gamble's Third Claim for Relief is barred by his procedural defaults in not fairly presenting the claim to the state courts as a constitutional claim and by failing to make a contemporaneous objection. Therefore the Third Claim for Relief should be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 29, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen

days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).