# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BARTON D. GAMBLE,

        Petitioner,     :     Case No. 3:15-cv-233

  - vs -                                         District Judge Thomas M. Rose
                                               Magistrate Judge Michael R. Merz

TERRY TIBBALS, Warden,
 London Correctional Institution,

                                                  :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 11) to the Magistrate Judge's Report and Recommendations recommending the case be dismissed with prejudice on initial review under Rule 4 of the Rules Governing § 2254 Cases (the "Report," ECF No. 3).  District Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 12).

Gamble pled three Grounds for Relief, to wit, that his conviction was against the manifest weight of the evidence (Ground One), that he suffered ineffective assistance of trial counsel (Ground Two), and that he was deprived of due process by the admission of testimony by the SANE (sexual assault nurse examiner) nurse who was not properly qualified as an expert (Ground Three).

The Report recommended dismissing Ground One because it did not state a claim cognizable in habeas corpus in that it is not a violation of the United States Constitution to

1

convict a person "against the manifest weight of the evidence." (Report, ECF No. 3, PageID 22-24.) The Report recommended dismissing Ground Two because the Ohio Second District Court of Appeals decided this claim on the merits and its decision is not an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), the relevant Supreme Court precedent. The Report recommended dismissal of the Third Ground because (1) it was not fairly presented as a federal constitutional claim to the Ohio courts, and (2) it was procedurally defaulted by trial counsel's failure to object (ECF No. 3, PageID 29-32). Gamble objects as to all three Grounds for Relief.

**Ground One:  Manifest Weight of the Evidence**

Gamble's objection on Ground One is that the case was decided without obtaining the full state court record, including transcripts of the trial. He argues "had the Magistrate supported the record to include Transcripts along with portions of the record that would demonstrate Petitioner was violated of his federal constitutional rights, this court would have been able to review his arguments more fully and clear [sic]." (Objections, ECF No. 11, PageID 50.)

This Objection misses the point. The Report noted that "manifest weight of the evidence" is not a federal constitutional claim. Obtaining a full record would not change that. The United States Constitution does not speak to everything that happens in a state criminal case. For example, if a habeas petitioner were to complain that he was not indicted by a grand jury, that claim would also be subject to dismissal without a record because the United States Constitution does not require a grand jury indictment in state criminal cases. *Hurtado v.*

2

*California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006).

**Ground Two:  Ineffective Assistance of Trial Counsel**

On direct appeal to the Second District, Gamble presented eight claims of ineffective assistance of trial counsel, but pursues only four of them here.

**Sub-claim One:  Failure to Object to Leading Questions**

Although Gamble's sub-claim on leading questions in his second assignment of error on direct appeal referred to the prosecutor's repeated use of leading questions, he gave only one example.  *State v. Gamble*, 2014-Ohio-1277, ¶ 24, 2014 Ohio App. LEXIS 1208 (2nd Dist. 2014).  The court of appeals considered the one example and found that it was not a leading questions.  *Id.*  Whether a question is leading or not is a question of Ohio evidence law.  Whether or not a leading question is objectionable is governed by Ohio R. Evid. 611.  Here the Ohio courts decided the objected-to question was not in fact leading.  It cannot be deficient performance by an attorney to fail to make an objection which would have been overruled.

**Sub-claim Two:  Failure to Object to Nurse Testimony About Perineal Tears**

Nurse Kinley testified to superficial tears in the victim's perineal area.  On appeal

3

Gamble argued his attorney should have objected that the evidence was irrelevant because the perineum is not a possible place of penetration and penetration is a key issue in a rape case. The Second District found the testimony was relevant because use of force was the key issue and the witness linked the perineal tears she observed to use of force in sexual intercourse. *State v. Gamble, supra*, ¶ 26. As with sub-claim one, the question of what is relevant is one of state evidence law. It cannot be deficient performance to fail to object to testimony which is relevant to the case.

**Sub-claim Three: Failure to Object to Testimony About Use of Subsidized Apartment for Storage**

The prosecutor showed that Gamble was using a government-subsidized apartment as a storage unit as he prepared to move from a larger home in Centerville to a smaller home in Huber Heights. Inferentially, the Second District found the question sought irrelevant information, but its admission was not prejudicial in light of all the evidence in the case on the central issue of rape. *State v. Gamble, supra*, ¶ 33.

Gamble makes no argument about why this statement was prejudicial in light of all the evidence. He just offers the Court a conclusion: "Clearly, the above question was highly prejudicial and irrelevant." (Objections, ECF No. 11, PageID 52.) How is this so clear? Why "highly" prejudicial? Mere assertion is not enough to overcome a finding by a state court of appeals. Further, there may have been tactical reasons for counsels' failure to object. "Experienced [defense] counsel learned that object[ing] to each potentially objectionable event could actually act to their [client's] detriment." *Robinson v. United States*, 2015 App. LEXIS

15757, *7 (6th Cir. 2015), *quoting Lundgren v. Mitchell*, 440 F.3d 754, 774 (6th Cir. 2006). Too frequent objections may annoy the finder of fact, especially when overruled, or an objection may serve to highlight a passing reference and "thereby risk that the instructional cure would be worse than the disease." *Id*.

**Sub-claim Four: Failure to Object to Jury Request for Kinley Testimony**

The jury requested to rehear Nurse Kinley's testimony. As the Second District pointed out, Ohio law authorizes a trial judge to allow a jury to re-hear "all or part of the testimony of any witness." *State v. Gamble, supra,* ¶ 34, citing *State v. Leonard*, 104 Ohio St. 3d 54 (2004). It cannot be deficient performance to fail to object when the request is not objectionable.

Gamble has failed to demonstrate any way in which the Second District's decision on his ineffective assistance of trial counsel claim was an objectively unreasonable application of *Strickland v. Washington, supra.*

**Ground Three: Improper Use of Expert Testimony**

In his Third Ground for Relief, Gamble argues it violated his Due Process rights to allow Nurse Kinley to give what amounted to expert testimony. The Report recommended this claim be dismissed on the merits because (1) it was not presented as a federal constitutional claim to the Ohio courts and (2) it was procedurally defaulted because no contemporaneous objection was

5

made to its admission at trial.

In his Objections, Gamble again blames his attorneys for not properly preserving and presenting these claims (Objections, ECF No. 11, PageID 54).  While ineffective assistance of counsel can excuse procedural default, a petitioner must first present the ineffective assistance claim to the state courts.  *Edwards v. Carpenter*, 529 U.S. 446 (2000),  Gamble has presented neither of these claims to the state courts and therefore  cannot rely on them here.

**General Objection to Failure to Order Production of the Record**

With respect to all three of his Grounds for Relief, Gamble complains that he could have succeeded if the Court had just ordered the State to produce the full record.  The Supreme Court has protected a criminal defendant's right to fair consideration on direct appeal by ordering that indigent defendants be furnished with a transcript if necessary.  *Griffin v. Illinois*, 351 U.S. 12 (1956). Counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353 (1963).  Appointed counsel on appeal must act as advocates for the appellant, not just friends of the court.   *Evitts v. Lucey*, 469 U.S. 387 (1985); *Anders v. California*, 386 U.S. 738 (1967); *Penson v. Ohio*, 488 U.S. 75 (1988).  But once the case reaches the habeas corpus stage, there is no guaranteed right to another copy of transcripts or to appointed counsel.  Rule 4 of the Rules Governing § 2254 Cases provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 would be meaningless if the courts were required in every case to order the States to file a full return with the whole state court record.  This case is an appropriate instance for application

of Rule 4 and dismissing the case without requiring a response from the State.

**Conclusion**

Having reviewed the case in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 22, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).